**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DANIEL HORACEK,**

> **Plaintiff,**

> > Case No. 04-73929

**v.**

> > HONORABLE DENISE PAGE HOOD

**JILL EBERLY, LYNNE ADAMS,**
**WILLIAM STIVERSON,** and **SAL AHMED,**

> **Defendants.**

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's September 28, 2005 Order Dismissing this Action filed on November 16, 2005 and March 13, 2006.

In its September 27, 2005 Memorandum Opinion and Order, this Court granted the Defendants' Motion for Summary Judgment and dismissed Plaintiff's Complaint.

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

Plaintiff's Motion for Reconsideration does not demonstrate a palpable defect by which the court and the parties have been misled that would result in a different disposition of the case. Plaintiff argues that the Court should reverse its Order dated September 28, 2005 because Plaintiff was never served nor received notice of Defendants' Motion for Summary Judgment. However, a review of the docket entries shows that Plaintiff filed two Motions for Extension of Time to Respond to Defendants' Motion for Summary Judgment. Plaintiff's first Motion for Extension of Time was filed on December 23, 2004. Plaintiff asserted in this motion that he received "defendants' filing on December 15, 2004" and he would need thirty additional days to respond to Defendants' Motion for Summary Judgment. Magistrate Judge Komives granted Plaintiff's Motion for Extension of Time, giving Plaintiff until February 28, 2005 to file a response. On February 28, 2005, Plaintiff filed his second Motion for Extension of Time to file a Response to Defendants' Motion for Summary Judgment. Magistrate Judge Komives again granted Plaintiff's request, giving Plaintiff until March 22, 2005 to file his response. Additionally, Magistrate Judge Komives stated in the Report and Recommendation, dated August 4, 2005, that "this Court has received no response to the defendants' dispositive motion as of the date of this Report and Recommendation." Plaintiff received Defendants' Motion for Summary Judgment and was given ample time within which to file a response. Plaintiff's claim in this Motion for Reconsideration that he was not "even aware of any such filing until November 8, 2005, when Plaintiff first received the Defendants' Motion to Tax Costs, is belied by the docket entries. (Pl.'s Mot. for Recons., ¶ 1)

Plaintiff raises no other issues in his Motion for Reconsideration. Plaintiff has raised no

2

issues not previously ruled upon by this Court, either expressly or by reasonable implication.  Nor

has Plaintiff shown a palpable defect that if corrected would result in a different disposition of the

case.

 Accordingly,

IT IS ORDERED that the Plaintiff's Motion for Reconsideration of the Court's September

28, 2005 Order Dismissing this Action **[Docket No. 32, filed March 13, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of the Court's

September 28, 2005 Order Dismissing this Action **[Docket No. 30, filed November 16, 2005]** is

MOOT.

 /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED August 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record
on August 30, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DANIEL HORACEK,**

      **Plaintiff,**

                                  **Case No. 04-73929**

**v.**

                                **HONORABLE DENISE PAGE HOOD**

**JILL EBERLY, LYNNE ADAMS,**
**WILLIAM STIVERSON,** and **SAL AHMED,**

      **Defendants.**

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's September 28, 2005 Order Dismissing this Action filed on November 16, 2005 and March 13, 2006.

In its September 27, 2005 Memorandum Opinion and Order, this Court granted the Defendants' Motion for Summary Judgment and dismissed Plaintiff's Complaint.

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

Plaintiff's Motion for Reconsideration does not demonstrate a palpable defect by which the court and the parties have been misled that would result in a different disposition of the case. Plaintiff argues that the Court should reverse its Order dated September 28, 2005 because Plaintiff was never served nor received notice of Defendants' Motion for Summary Judgment. However, a review of the docket entries shows that Plaintiff filed two Motions for Extension of Time to Respond to Defendants' Motion for Summary Judgment. Plaintiff's first Motion for Extension of Time was filed on December 23, 2004. Plaintiff asserted in this motion that he received "defendants' filing on December 15, 2004" and he would need thirty additional days to respond to Defendants' Motion for Summary Judgment. Magistrate Judge Komives granted Plaintiff's Motion for Extension of Time, giving Plaintiff until February 28, 2005 to file a response. On February 28, 2005, Plaintiff filed his second Motion for Extension of Time to file a Response to Defendants' Motion for Summary Judgment. Magistrate Judge Komives again granted Plaintiff's request, giving Plaintiff until March 22, 2005 to file his response. Additionally, Magistrate Judge Komives stated in the Report and Recommendation, dated August 4, 2005, that "this Court has received no response to the defendants' dispositive motion as of the date of this Report and Recommendation." Plaintiff received Defendants' Motion for Summary Judgment and was given ample time within which to file a response. Plaintiff's claim in this Motion for Reconsideration that he was not "even aware of any such filing until November 8, 2005, when Plaintiff first received the Defendants' Motion to Tax Costs, is belied by the docket entries. (Pl.'s Mot. for Recons., ¶ 1)

Plaintiff raises no other issues in his Motion for Reconsideration. Plaintiff has raised no

2

issues not previously ruled upon by this Court, either expressly or by reasonable implication.  Nor

has Plaintiff shown a palpable defect that if corrected would result in a different disposition of the

case.

 Accordingly,

      IT IS ORDERED that the Plaintiff's Motion for Reconsideration of the Court's September

28, 2005 Order Dismissing this Action **[Docket No. 32, filed March 13, 2006]** is DENIED.

      IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of the Court's

September 28, 2005 Order Dismissing this Action **[Docket No. 30, filed November 16, 2005]** is

MOOT.

                                        /s/ Denise Page Hood

                                       DENISE PAGE HOOD

                                       United States District Judge

DATED August 30, 2006

      I hereby certify that a copy of the foregoing document was served upon counsel of record
on August 30, 2006, by electronic and/or ordinary mail.

                                         S/William F. Lewis

                                       Case Manager