UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

       Plaintiff,

                                 CASE NO. 04-CV-73929-DT
v.                                JUDGE DENISE PAGE HOOD
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

JILL EBERLY, LYNNE ADAMS,
WILLIAM STIVERSON and
SAL AHMED,

       Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO TAX COSTS
(Doc. Ent. 28)**

**I.**      **RECOMMENDATION:** The Court should grant defendants' motion to tax costs (Doc. Ent. 28) and award $57.50.

**II.**      **REPORT:**

**A.**      **Procedural History**

**1.**      The complaint in this case was filed on October 8, 2004. On December 15, 2004, defendants filed a motion to dismiss or for summary judgment. (Doc. Ent. 18). On August 4, 2005, I filed a report recommending that the Court grant defendants' motion. (Doc. Ent. 25). On September 27, 2005, Judge Hood entered an order accepting and adopting my report and recommendation, granting defendants' motion and dismissing the matter with prejudice. (Doc. Ent. 26). On September 28, 2005, judgment was entered in favor of defendants and against plaintiff. (Doc. Ent. 27).

**2.**      On November 16, 2005 (Doc. Ent. 30) and on March 13, 2006 (Doc. Ent. 32), plaintiff

1

filed what are apparently duplicate motions for reconsideration of the Court's September 28, 2005 order dismissing this action.  On August 30, 2006, Judge Hood entered an order denying the March 13, 2006 motion for reconsideration and deeming moot the November 16, 2005 motion for reconsideration.  (Doc. Ent. 34).

3.      On October 14, 2005, before plaintiff's motions for reconsideration were filed, defendants filed a motion to tax costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, as well as other statutes.  (Doc. Ent. 28 [Mtn.]).[1]  Defendants seek taxable costs in the amount of $37.50 and nominal attorney fees in the amount of $20.00, for a total of $57.50.  Mtn. at 2.

4.      On April 20, 2006, I entered a scheduling order requiring plaintiff to file any response to defendants' motion by May 11, 2006.  (Doc. Ent. 33).  As of this date, no response has been filed.[2]

---

[1]On March 16, 2006, Judge Hood referred this motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Doc. Ent. 31).  However, I conclude that my authority on a motion to tax costs is limited to issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

[2]Plaintiff's current address is not clear.  To begin, plaintiff's November 16, 2005 and March 13, 2006 motions for reconsideration claim that he was not served with a copy of defendants' December 15, 2004 dispositive motion and he received the October 14, 2005 motion to tax costs on November 8, 2005.  Each of the motions for reconsideration states that the appropriate address is Oakland County Jail, P. O. Box 436017, Pontiac, MI 48343.  Currently, the Court's docket shows plaintiff's address as a post office box in Lake Orion, Michigan.  However, according to www.michigan.gov/corrections, "Offender Search", plaintiff is incarcerated at Macomb Correctional Facility, 34625 26 Mile Road, New Haven, Michigan 48048.

Even if plaintiff intended his motions for reconsideration to also be address changes or argued that he did not receive my April 20, 2006 scheduling order, he admits to having had the motion for costs since November 8, 2005.  Doc. Entries 30 and 32 at 1.  Pursuant to E. D. Mich. LR 7.1(d), the response time to a motion served on November 8, 2005 has well passed.  "A response to a nondispositive motion must be filed within 14 days after service of the motion."  E. D. Mich. LR 7.1(d)(2)(B).  Furthermore, "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available."  E. D. Mich. LR 7.1(b).

**B.     Applicable Law**

**1.**     Chapter 123 of Title 28, §§ 1911-1932, governs "Fees and Costs".  As amended in April 1996, 28 U.S.C. § 1915, entitled "Proceedings in forma pauperis," provides in subsection (f)(1) in part that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . ."  Subsection (f)(2) provides as follows:

> (A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.
> (B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).
> (C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

28 U.S.C. § 1915(f)(2)(A)-(C).

**2.**     Fed. R. Civ. P. 54, entitled "Judgments; Costs," provides in subsection (d) ("Costs; Attorneys' Fees") in part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1).

**C.     Analysis**

**1.**     The September 28, 2005 judgment of the court did not explicitly provide for costs. (Doc. Ent. 27).  The motion might be construed as seeking an amendment of it to include such an award.  However, at least one court has concluded that the presumption that the prevailing party will recover costs is so strong that if the judgment entered by the district court is absolutely silent as to costs, the judgment is presumed to be one allowing costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988).  Because costs should normally be awarded "as of course" (Rule 54(d)(1)), the court should amend its judgment, or, in the alternative, the court should construe its judgment as one allowing costs.

**2.**     28 U.S.C. § 1920, which governs "Taxation of costs", provides that the Court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4).  "The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959) (citing cases).

Defendants' request for $37.50 in exemplification and copying fees is based upon 375 pages at .10 cents per page.  Mtn. at 2 (referencing 95-A0 078).  Defendants itemize this amount as fourteen (14) pages from their dispositive motion brief and one hundred and eleven (111) pages of exhibits.  This is a total of one hundred and twenty five (125) pages times three (3) copies (one for the Court, one for the plaintiff and one for the defendants), or three hundred and seventy five (375) pages.  Defendants contend that this calculation does not include "any cover letters, any requests for stays of discovery if applicable, or this Motion to Tax Costs."  Doc. Ent. 28 at 4.  As previously mentions, plaintiff has not responded to defendants' motion.

Defendants' December 15, 2004 filing was one hundred and thirty (130) pages in length.  The motion and brief were sixteen (16) pages in length, and the exhibits and index were one hundred thirteen (113) pages in length and the proof of service was one (1) page in length.  Therefore, in light of E. D. Mich. LR 7.1(b) and the fact that defendants' claims of exemplification and copying fees are consistent with the motion and supporting documentation actually filed, the Court should award defendants $37.50 (375 pages at 10 cents per page) pursuant to 28 U.S.C. § 1920(4).

**3.**     28 U.S.C. § 1923, which concerns "Docket fees and costs of briefs", provides that the Court may tax as costs "$20 on trial or final hearing[.]" 28 U.S.C. § 1923(a).  Defendants seek

4

taxation of "$20 on trial or final hearing[.]" Mtn. at 2.

"A final hearing is defined as 'that stage of proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions.'"*Mikel v. Kerr*, 64 F.R.D. 93, 96 (E.D. Okla. 1973)) (quoting Black, Law Dictionary, (4th ed. 1951); Words and Phrases, 'Hearing').  *See also Branham v. Brown*, No. 91-2296, 1992 WL 203772, \*\*2 (6th Cir. Aug. 20, 1992) (table); *Meador-Bey v. Jones*, No. 92-2379, 1993 WL 76228, \*\*1 (6th Cir. Mar. 17, 1993) (unpublished); *Berryman v. Epp*, 884 F. Supp. 242, 245 (E.D. Mich. Apr. 3, 1995) (Duggan, J.).

The finality of Judge Hood's September 27, 2005 order and September 28, 2005 judgment following my August 4, 2005 report and recommendation qualify defendants to receive compensation for the costs sought.  My recommendation that the Court grant defendants' dispositive motion was primarily reached by addressing plaintiff's claims on the merits: Plaintiff has exhausted his administrative remedies as to his legal mail claims (Section II.C.1); Plaintiff's claims are not barred by the doctrines of res judicata and collateral estoppel (Section II.C.2); The Eleventh Amendment bars portions of plaintiff's claims (Section II.C.3); MDOC PD 05.03.118 (Dec. 19, 2003) ¶ EE is unconstitutional under *Turner* (Section II.C.4); Plaintiff has not stated a Sixth Amendment claim upon which relief may be granted (Section II.C.5); Plaintiff's access to courts claim does not survive summary judgment (Section II.C.6); Defendants Adams, Ahmed, and Stiverson were not personally involved (Section II.C.7); Defendant Eberly is entitled to qualified immunity on plaintiff's claim that she opened his legal mail pursuant to an unconstitutional mail policy (Section II.C.8); and Plaintiff's request for injunctive relief is moot (Section II.C.9).  On September 27, 2005, Judge Hood entered an order accepting and adopting

my August 4, 2005 report and recommendation and granting defendants' December 15, 2004 dispositive motion. On September 28, 2005, Judge Hood entered a judgment in favor of defendants and against plaintiff.

Defendants' request for taxation of "$20 on trial or final hearing" as provided for in 28 U.S.C. § 1923(a) is appropriate.[3] *Mikel v. Kerr*, 64 F.R.D. 93, 96 (E.D. Okla. 1973)) (internal citation omitted) ("The granting of a Summary Judgment wherein all issues are settled is an appealable order. The Summary Judgment entered in this case disposing of all issues being appealable constitutes a final hearing within the intent and meaning of 28 U.S.C. § 1923(a) and as such the allowance of a $20.00 Docket Fee upon final hearing by the Clerk was proper."); *Meador-Bey*, 1993 WL 76228, **1 (citing *Mikel v. Kerr*, 64 F.R.D. 93, 96 (E.D. Okla. 1983)) ("[b]ecause the grant of summary judgment in this case disposed of all issues on the merits and was an appealable order, it constituted the result of a 'final hearing' within the meaning of § 1923(a) allowing the taxation of the attorney's docket fee as awarded."). *See also Berryman v. Epp*, 884 F. Supp. 242, 245 (E.D. Mich. 1995). An assessment of $20 pursuant to 28 U.S.C. § 1923(a) is appropriate even in the absence of a hearing on the motion for summary judgment.

---

[3]The $5 docket fee for "[d]iscontinuance of civil action" would be proper only if plaintiff filed a discontinuance of the action, which was not the case. Regarding the $5 docket fee for "motion for judgment and other proceedings on recognizances", "[t]he notes to § 1923(a) indicate that a 'motion for judgment' is equivalent to a petition for a writ of scire facias, and the underlying judgment in the present case was not based on this type of writ. The statute's reference to 'other proceedings on recognizances' is also inapposite, as the judgment in [plaintiff's] case was not based on an agreement, contract or preexisting obligation." *Seaton-El v. Toombs*, No. 95-1405, 1995 WL 723195, **1 (6th Cir. Dec. 6, 1995) (unpublished). *See also Miller-Bey v. Hosey*, No. 93-1700, 1994 WL 43454, **1 (6th Cir. Feb. 14, 1994) (unpublished).

*Berryman v. Epp*, 884 F. Supp. at 245-246.[4]

In light of the foregoing, and the fact that plaintiff has not responded to defendants' motion, E. D. Mich. LR 7.1(b), the Court should award defendants $20 pursuant to § 1923(a).

**4.**     Administrative Order 97-01, entered by Sixth Circuit Chief Judge Martin on February 4, 1997, *In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997), provides in part as follows in "Part VIII. *Weaver* and *Tingler*":

> In *Weaver v. Toombs*, 948 F.2d 1004, 1011 (6th Cir.1991), we held that courts
> have discretion in assessing costs against an unsuccessful prisoner who
> prosecuted his or her case in forma pauperis.  Further, we noted that the courts
> were required to make a determination of the prisoner's capacity to pay the costs

assessed. *Id*. at 1013-14.  However, the statute has superseded *Weaver*.  When judgment is entered against a prisoner and costs against the prisoner are assessed, [28 U.S.C. §] 1915(f)(2)(A) now requires that the prisoner pay the costs either in full, or in accordance with the payment process set forth in § 1915(b)(2).  *See* 28 U.S.C.A. § 1915(f)(2)(B).  The prisoner's ability to pay the costs is no longer an issue. . . .

*In Re Prison Litigation Reform Act*, 105 F.3d at 1138.  Therefore, if plaintiff cannot pay the costs in full, the Court may set forth a payment schedule as it would pursuant to 28 U.S.C. § 1915(b)(2).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

---

[4]*But see Berryman v. Hofbauer*, 161 F.R.D. 341, 345 (E.D. Mich. May 1, 1995) (Newblatt, J.) ("Defendants have not shown their entitlement to a $20 fee for trial or final hearing as disposition of this case did not require either a trial or a hearing of any kind."), 161 F.R.D. at 346 ("While defendants are entitled to tax costs in the amount of five dollars for preparation of their summary judgment motion, upon which judgment was entered for defendants, 28 U.S.C. § 1923(a), to allow defendants to tax costs for a trial or final hearing that did not take place would constitute an award of twenty dollars merely for being the prevailing party.").

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/30/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 30, 2006.
>
> s/Eddrey Butts
> Case Manager